```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

_____
                               )
**JAMES NAN LARSAH, JR., <u>et al.</u>,**)
                               )
        **Plaintiffs,**        )
                               )
            v.                 )   Civil Action No. 08-1616 (RWR)
                               )
**AMOS KOUKOU, <u>et al.</u>,**          )
                               )
        **Defendants.**        )
_____)

### <u>MEMORANDUM OPINION</u>

Plaintiffs James Nan Larsah, Jr. and Emmanuel Toe have filed a complaint pro se against defendants Amos Koukou, Emmanuel Wettee, and Emmanuel Togba.  The plaintiffs were ordered to show cause by October 9, 2008 why the complaint should not be dismissed for lack of subject matter jurisdiction.  No response was received.

Federal district courts have limited jurisdiction.  Most commonly, a federal district court has jurisdiction in civil actions arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  "A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction."  <u>Henderson v. Annabi</u>, Civil Action No. 08-794 (RCL), 2008 WL 2011915, at *1 (D.D.C. May 8,

-2-

2008) (citing Rule 8 of the Federal Rules of Civil Procedure); see also Fed. R. Civ. P. 12(h)(3) (stating that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").  The pro se complaint cites 28 U.S.C. § 1331 as the basis for the court's subject matter jurisdiction, but even with a liberal reading, Howerton v. Ogletree, 466 F. Supp. 2d 182, 183 (D.D.C. 2006), there are no facts alleged implicating any federal laws under which this action purports to arise.  The complaint also invokes the court's power to grant declaratory relief under 28 U.S.C. § 2201, but that provision does not convey subject matter jurisdiction over actions seeking declaratory relief.  Moreover, the complaint recites no facts reflecting an amount in controversy exceeding $75,000.  Accordingly, the complaint will be dismissed without prejudice for lack of subject matter jurisdiction.  An appropriate order accompanies this memorandum opinion.

    SIGNED this 14th day of October, 2008.

                                                 /s/
                                   RICHARD W. ROBERTS
                                   United States District Judge